UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MICHAEL HAROLD HODGINS
and BETTY JANE HODGINS,
    Debtors.
_____/

Case No. 18-21810-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

## OPINION DENYING DEBTORS' MOTION FOR ORDER AVOIDING JUDICIAL LIEN

### Introduction

Betty Hodgins needed new siding for her house but also needed financing to acquire and have the siding installed. FCC Finance, LLC ("FCC")[1], provides this type of financing but requires a signed agreement and filed a financing statement to do so. Ms. Hodgins signed the requisite documents, the siding was installed, FCC filed a financing statement, and subsequently the Debtors filed their Chapter 13 petition. Ms. Hodgins requests this Court avoid the lien she gave FCC as a judicial lien and FCC rejected that request. Likewise, the Court rejects this request and denies the Motion for Order Avoiding Judicial Lien for the reasons stated in this Opinion.

### Facts

The facts are not disputed, and the parties did not request an evidentiary hearing. Ms. Hodgins needed new siding for her house and contacted Erie Construction to acquire and install the siding. She signed a Michigan Home Improvement Installment Contract ("Contract") on July 28, 2016. Relevant portions of the Contract include:

Security: ☒ I am giving you a security interest in the Goods.

. . .

---

[1] FCC is the servicer for DB HIL 2014 TRUST. For convenience, the creditor will be referred to as FCC.

1

Security Interest in the Goods: I agree that the Goods I have purchased are personal property even if the Goods become attached to my house and the land my house is on (my "Property"). I agree that the Goods are subject to the Uniform Commercial Code in my state and that you have the rights of a creditor under the Uniform Commercial Code and have a security interest in those Goods, and in any money I receive if I sell those Goods. I agree that you may file a copy of this contract as a financing statement under the Uniform Commercial Code.

Subsequently, she signed a Completion Certificate on September 5, 2016. Erie Construction then assigned the Contract to FCC, which prepared and filed a UCC Financing Statement with the Midland County Register of Deeds. The Financing Statement was recorded on September 30, 2016 at Liber 1600, Page 194.

The Debtors filed their petition on September 25, 2018 and wish to avoid the FCC lien. To do so, the Debtors state in their Motion:

> **5.** Creditor "DB HIL 2014 TRUST" ("creditor") by its agent FCC Finance, LLC, P.O. Box 795489, Dallas, TX 75379 filed a Proof of Claim 2-1 claiming a judicial lien in the amount of $12,309.15.
>
> **6.** The creditor's judicial lien claim impairs the debtor's homestead exemption and is avoidable pursuant to 11 §522(f)(1)(A).
>
>  . . .
>
> **10.** "The term 'judicial lien' means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §101(36)
>
> . . .
>
> **11.** The creditor's alleged lien is a judicial lien that arises from the legal process of the creditor exercising its alleged statutory right to record a UCC-1 Financing Statement for fixtures in the debtor's chain of record title for the home for alleged fixtures sold to the debtor by the creditor.
>
> **12.** Here, that judicial lien of $12,309.15 impairs Debtor's exemption of $19,481.00.
>
> **13.** Accordingly the creditor's judicial lien of $12,309.15 against the debtor's homestead can be avoided pursuant to 11 U.S.C. §522(f)(1)(A).

## Jurisdiction

This Court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and E.D. Mich. LR 83.50(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims against the estate or exemptions from property of the estate) and (K) (determinations of the validity, extent, or priority of liens).

## Applicable Law

Section 522(f) states:

> (f) (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is— (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or (B) a nonpossessory, nonpurchase-money security interest in any— (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor; (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.
>
> . . .
>
> Section 101(36) The term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.
>
> . . .
>
> Section 101(51) The term "security interest" means lien created by an agreement.
>
> . . .
>
> Section 101(53) The term "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

Analysis

In order to avoid the FCC lien under Section 522(f)(1)(A), the FCC lien must be a judicial lien as defined by Section 101(36). Here, the lien was created by an agreement in the Contract. There is no evidence that the Contract, the lien, or the Financing Statement was obtained by a judgment, levy, or sequestration.

The Debtors argue that the lien was obtained by a legal proceeding because FCC relies on a statute and the legal protocol created to allow for the filing of financing statements. While an innovative argument, it ignores Section 101(51) which specifically fits the definition of a security interest given that the lien was created by the Contract. And if the Debtors' argument that FCC relied on a statute to file the financing statement, then Section 101(53) is more appropriate. Under no circumstances, however, does the Court find that this lien is a judicial lien as defined by Section 101(36) and avoidable under Section 522(f)(1)(A).

Accordingly, the Court denies Debtors' Motion for Order Avoiding Judicial Lien. Counsel for FCC is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on March 12, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge