UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

MICHAEL HAROLD HODGINS and      Case No. 18-21810
BETTY JANE HODGINS,     Chapter 13 Proceeding
    Hon. Daniel S. Opperman

       Debtors.
_____/

OPINION REGARDING DEBTORS' MOTION FOR RECONSIDERATION OF
MARCH 20, 2019 ORDER OVERRULING THE DEBTORS' OBJECTION TO
PROOF OF CLAIM OF FCC FINANCE, LLC

Debtors filed a Motion for Reconsideration of the Court's March 20, 2019 Order Overruling the Debtor's Objection to Proof of Claim of FCC Finance, LLC ("FCC Finance"). While not specifically linked to such, the instant Motion for Reconsideration also appears to be linked to the Court's April 2, 2019 Order Denying Debtors' Motion for Order Avoiding Judicial Lien, which was entered after the Court entered its Opinion on March 12, 2019. These orders are related as both determine the status of FCC Finance's claim as secured with a valid judicial lien. Together, the Court will refer to these Orders as the "FCC Finance Claim Orders." The Debtors argue that the FCC Finance Claim Orders should be set aside because "cause" exists pursuant to 11 U.S.C. § 502(j) to reconsider the validity of FCC Finance claim as secured. Alternatively, Debtors argue that this Motion be considered as a motion for reconsideration under Local Rule 9024-1. FCC Finance responds, upon the direction of the Court to do so by Order dated April

1

18, 2019, that the instant Motion is untimely, "cause" does not exist under Section 502(j), and Debtors have not met the standard for reconsideration under Local Rule 9024-1(a).

Pursuant to E.D. Mich. LBR 9024-1(a)(3), motions for reconsideration may be filed within fourteen days after the order is issued and should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect; further, a motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard).

The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted). *See also Hansen v. Moore (In re Hansen)*, 368 B.R. 868 (B.A.P. 9th Cir. 2007).

2

18-21810-dob    Doc 81    Filed 09/10/19    Entered 09/10/19 16:33:14    Page 2 of 7

Section 502(j) states, in relevant part, that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." Federal Rule of Bankruptcy Procedure 3008 states that a party seeking reconsideration of a claim under Section 502(j) may file such a motion, and after "notice and a hearing," the court "shall enter an appropriate order." Rule 3008 specifies no separate timeline for filing a motion for reconsideration pursuant to Section 502(j). While case law provides that relief under Bankruptcy Rule 3008 is liberally granted, there are limitations, keeping in mind that "cause" has not been defined under the statute. *See U.S. Bank, Nat'l Ass'n v. U.S. Env't Prot. Agency*, 563 F.3d 199, 208 (6th Cir. 2009). Generally, "cause" for purposed of Section 502(j) has been analyzed under Federal Rule of Civil Procedure 60(b).[1] *See In re Bennett*, 590 B.R. 156, (Bankr. E.D. Mich. 2018) (discussing applicable case law both within and outside of the Sixth Circuit, and concluding that "cause" under Section 502(j) is to be analyzed under Rule 59 or Rule 60). Debtors do not reference Rule 60(b) as a basis for analysis under Section 502(j). Nevertheless, the Court concludes Rule 60(b) is the appropriate means to analyze the instant Motion.

Rule 60(b) sets forth six different bases for the Court to set aside an order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

---

[1] Made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

(6) any other reason that justifies relief.

Based upon the arguments raised by Debtors in their Motion—that the Court incorrectly applied the law to the facts of the case—the Court concludes that Rule 60(b)(1) is the only conceivable basis for "cause" to set the FCC Finance Claim Orders.[2] Rule 60(b)(1) states that an order may be set aside for "mistake, inadvertence, surprise, or excusable neglect." The "mistake" Debtors assert the Court made was in its analysis of the relevant Michigan UCC statute as applied to the facts of this case.

First, the Court concludes that the instant Motion was timely filed. The Court links this Motion to the April 2, 2019 Order as well, which places the filing of the instant Motion within the 14-day window under Local Rule 9024-1(a)(3). Even if the earlier, March 20, 2019 Order is used, Section 502(j) provides no deadline for the filing of a motion seeking reconsideration of the allowance or disallowance of a claim.

Analyzing the FCC Finance Orders under the "cause" standard under Section 502(j) and Rule 60(b)(1), the Court concludes there was no mistake of law. Both Opinions underlying the FCC Finance Claim Orders conclude in tandem that the siding at issue was transformed into a fixture for purposes of MCLA § 440.9334, which was validly perfected by recording and to which no statutory exception applies. Further, the Debtors expressly granted FCC Finance a security interest in the siding by contract as described in this Court's Opinion Denying Debtors'

---

[2] While Rule 60(b)(6) could be construed to provide relief for "any other reason that justifies relief," the Court concludes that Debtors merely allege legal error, not the substantial injustice necessary to invoke Rule 60(b)(6).

Motion for Order Avoiding Judicial Lien dated March 12, 2019. The Court finds no error of law in its conclusion that FCC holds a valid secured claim.

The Court has carefully studied the cases cited by the Debtors and finds these cases distinguishable. First, the facts in *In re Adkins*, 444 B.R. 374 (Bankr. N.D. Ohio 2011) are different. The parties stipulated the windows were fixtures and that the creditor, Wells Fargo Financial National Bank, did not complete a fixture filing, but instead relied on a purchase money security interest ("PMSI") contained in a document. *Id.* at 376. The debtors argued that the installation of the windows defected the PMSI of Wells Fargo because the windows constituted ordinary building materials. In this case, assuming arguendo that the siding became an ordinary building material, FCC Finance properly perfected its security interest under Michigan law by filing the necessary documents with the Midland County Register of Deeds, thus following the statutory language found in MCL 440.9334(1) and (2):

> (1) A security interest under this article may be created in goods that are fixtures or may continue in goods that become fixtures. A security interest does not exist under this article in ordinary building materials incorporated into an improvement on land.
> (2) This article does not prevent creation of an encumbrance upon fixtures under real property law.

So while subsection (1) dictates that a security interest does not exist <u>under this article</u> in ordinary building materials, subsection (2) does not prevent the creation of an encumbrance upon fixtures under real property law.

In this case, unlike *Adkins*, FCC Finance did exactly what Section 440.9334(2) dictates.

*In re Vincent*, 468 B.R. 802 (Bankr. E.D. Va. 2012) is likewise distinguishable in that the loan documents were inconsistent: the credit card application created a PMSI but the purchase order stated: "We will not claim a security interest or other lien (except judgment liens) in your

5

principal dwelling." *Id.* at 804. The *Vincent* Court correctly concluded that the liens on a debtors' principal residence were excluded. *Id.* at 805. The *Vincent* Court continued, however, to conclude the siding and windows were ordinary building materials. The Court then noted:

> In this case, the siding and windows were incorporated into the debtor's home. They became a part of the real estate and lost their separate identity. They are not subject to Article 8.9A of the Code of Virginia, Secured Transactions. This does not mean that a creditor cannot obtain a lien. A material supplier is entitled to claim a mechanic's lien against the real property subject to the restrictions contained in the Virginia Mechanic's Lien law. *See* Va.Code (1950) § 43-1 *et seq.* Alternatively, the homeowner may grant the supplier a deed of trust on the real property. What is not possible is to obtain a lien under Title 8.9 of the Code of Virginia in ordinary building materials that have been incorporated into the building.

*Id.* at 805-06.

Here, FCC Finance recorded its lien with the Midland County Register of Deeds, a device similar to the mechanic's lien or deed of trust endorsed by *Vincent*. Put differently, if the determination of whether something is an ordinary building material is completely determinative, then why does *Vincent* suggest other methods for creditors to obtain secured status? The answer is that such a finding is not determinative because Section 440.9334(1) and (2) allow at least two methods and FCC Finance chose one of these methods.

As discussed at the May 23, 2019 hearing on the instant Motion, both Debtors and FCC Finance agree that this does not resolve the practical issue in this case, which is the value of the siding currently affixed to the real property. If Debtors choose to surrender this property, FCC Finance has the option to remove it, which will render its value much less than perhaps originally bargained.

Finally, the Court finds no palpable defect warranting a different result in the case under Rule 9024 and the applicable Local Rule 9024-1. The only argument asserted by Debtors which

6

would warrant reconsideration under *Henderson* is clear error of law, which for the reasons stated above, is not a cognizable basis for relief. Debtors have not argued, nor does the Court find newly discovered evidence, an intervening change in controlling law, or the need to prevent manifest injustice.

Counsel for FCC Finance is directed to prepare an Order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on September 10, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge